**Bonjean Law Group, PLLC**
119 West 23rd Street, Ste. 900
New York, New York 10011
Tel: (212) 825-1080
Fax: (212) 529-0644
courtney@bonjeanlaw.com

                                                       Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------------------------
JOSE QUINONEZ,

    Plaintiff,                                       **COMPLAINT AND**
                                                **JURY TRIAL DEMAND**

    v.

CITY OF NEWARK AND POLICE OFFICER
ALAN KNIGHT,

    Defendants.
---------------------------------------------------------------

**NOW COMES** Plaintiff, **JOSE QUINONEZ**, by and through his attorneys **BONJEAN LAW GROUP, PLLC**, and for cause of action against the defendants, both jointly and severally, respectfully states as follows:

1

## INTRODUCTION

1.      On June 27, 2008, plaintiff was violently assaulted and falsely arrested by defendant Knight.

2.      Defendant Knight struck plaintiff in the face with a gun, punched plaintiff in the face and body, kicked plaintiff, and violently shoved plaintiff's face and head into the ground.

3.      As a result of the assault, plaintiff suffered substantial pain, contusions, and abrasions.

4.      After assaulting plaintiff, defendant Knight falsely charged plaintiff with aggravated assault upon a police officer, obstruction of the administration of justice, and resisting arrest.  All charges were ultimately dismissed.

5.      As a result of the false charges, plaintiff was detained for nearly two weeks in the Essex County Juvenile Detention Center.

## PARTIES

6.      Plaintiff  Jose Quinonez is an adult resident of Newark, New Jersey.

7.      Defendant City of Newark, New Jersey, is a municipality chartered by the State of New Jersey and as such is a political subdivision of the State of New Jersey and among its other functions operates and maintains a law enforcement agency known as the City of Newark Police Department ("NPD").  The City of Newark is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the City of Newark and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of New Jersey.

8.      On information and belief, defendant Alan Knight is an adult resident citizen of

Essex County, New Jersey.  At all times material hereto, defendant Knight was a police officer with the NPD and was acting by virtue of his position as a police officer of the NPD and under the color of state law.  Defendant Knight is sued individually and in his official capacity as a member of the NPD.

## JURISDICTION AND VENUE

9. Each and all of the acts of defendants were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs, and usages of the United States of America, the State of New Jersey, and the City of Newark, and under the authority of their office as police officers for the NPD.

10. The incidents which give rise to this cause of action occurred within this jurisdiction and within two years of the filing of this Complaint.

11. Venue is proper in this venue pursuant to 28 U.S.C. § 1391 as all the defendants are residents of this district and/or all of the acts or omissions which give rise to this cause of action occurred within this district.

12. Jurisdiction is proper pursuant to federal question jurisdiction, 28 U.S.C. § 1331, 28 U.S.C. §1343(a)(3)(4) and 42 U.S.C. § 1983.  Plaintiff further invokes the pendent and supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

13. Plaintiff avers that defendants do not have immunity for violating the civil rights of citizens.

## **FACTS**

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

14. On June 27, 2008, plaintiff's brother and his friend were running up and down the street playing with a water gun when a pick-up truck turned down the street.

15. The man driving the pick-up truck – defendant Knight – stopped the boys in front of 97 Tillinghast Street and asked them whether they had shot the guy down the street with their water gun. The boys responded that they had not and continued walking towards the residence.

16. Defendant Knight, who was wearing plain clothes and driving a pick-up truck, followed the boys inside the gate and towards the front door. Defendant Knight never showed his police badge.

17. Hearing the commotion, plaintiff and one of his friends exited plaintiff's residence (97 Tillinghast Street). Plaintiff inquired what was going on and told defendant Knight to leave his property.

18. After plaintiff told defendant Knight to leave his property, defendant Knight ran up the steps and violently assaulted plaintiff without provocation. Specifically, defendant Knight threw plaintiff down the porch stairs and violently struck plaintiff in the head with his firearm causing plaintiff to fall to the ground.

19. After plaintiff was handcuffed and lying helpless on the ground, defendant Knight punched plaintiff, kicked plaintiff, and shoved plaintiff's head and face into the ground with great and violent force.

20. Several of plaintiff's neighbors observed the assault and could hear plaintiff

screaming "my head, my head."

21. Defendant Knight violently assaulted plaintiff for several minutes.

22. As a result of the assault, plaintiff suffered substantial pain, bruises, contusions, abrasions, and swelling to his head and body.

23. Following this vicious and unprovoked assault, defendant Knight initiated false criminal charges against plaintiff for aggravated assault upon a police officer.

24. As a result of the false charges, plaintiff was detained for nearly two weeks (from June 27, 2008 until July 10, 2008) at the Essex County Juvenile Detention Center.

25. On information and belief, the City of Newark had knowledge that Alan Knight posed a substantial risk to the citizens of Newark and did nothing about it.  Indeed, Alan Knight has been investigated at least sixty-two times by the Internal Affairs Department of the NPD.  On information and belief, of those sixty-two investigations, at least twenty-six stemmed from citizen complaints involving either conduct, excessive force, or improper arrest.  Of the twenty-six complaints raised by Newark citizens, zero were sustained.

## COUNT I

## FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST KNIGHT

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

26. Defendant Knight committed the above described actions and/or omissions under the color of law and by virtue of his authority as a law enforcement officer for the City of Newark and substantially deprived plaintiff of his clearly established rights, privileges, and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. § 1983,

5

and deprived plaintiff of the rights guaranteed to him under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitutions, including but not limited to:

    a.    freedom from unreasonable, unjustified, and excessive force;

    b.    freedom from deprivation of liberty and property without due process of law;

    c.    freedom from cruel and unusual punishment;

    d.    freedom from summary punishment;

    e.    freedom from state created danger; and

    f.    freedom from arbitrary government activity which shocks the conscience of a civilized society.

27.    As a direct and proximate result of the acts and omissions of defendant Knight, plaintiff's constitutional rights were violated and plaintiff sustained substantial injuries.

## COUNT II

**FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST CITY OF NEWARK**

Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

28.    The City of Newark is under a duty to supervise the members of the NPD and to ensure that the policing activities of the NPD are run in a lawful manner, preserving to the citizens of the City of Newark the rights, privileges, and immunities guaranteed to them by the Constitutions of the United States of America and the State of New Jersey.

29.    Defendant City of Newark permitted, encouraged, tolerated, and knowingly

acquiesced to an official pattern, practice or custom of its police officers (including defendant Knight) violating the constitutional rights of the public at large, including plaintiff. In particular, the City of Newark had actual knowledge that defendant Knight had a propensity to deprive the citizens of Newark, New Jersey of their constitutional rights and failed to take proper action to protect the citizens of Newark, New Jersey from defendant Knight. Specifically, the City of Newark had knowledge that numerous citizens had complained about Knight's use of illegal and excessive force and his tendency to falsely arrest citizens and did nothing about it.

      30.    The actions of defendant Knight were unjustified, unreasonable, unconstitutional, and deprived plaintiff of his constitutional rights in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

      31.    Defendant City of Newark is directly liable for plaintiff's damages due to the following policy statements, ordinances, regulations, or decisions formally adopted and promulgated by Government rule-makers, which were in effect at the time of this incident and which were the underlying cause of the Plaintiff's injuries:

      a.    The City of Newark and the NPD have formally adopted the standard operating procedures of the Internal Affairs Unit of the NPD designed to favor the statements of a police officer over the statements of a citizen complaining of police abuse or misconduct, resulting in the exoneration of officers for unconstitutional behavior, creating an atmosphere where unconstitutional behavior of police officers is tolerated, condoned, and ratified by the Newark Police Department, thus creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard of the welfare of the public at large, including Plaintiff.

7

32. Defendant City of Newark is directly liable for the plaintiff's damages due to the following policies, practices, or customs of the NPD, which were in effect at the time of this incident and which were the underlying cause of the plaintiff's injuries:

   a. The City of Newark and the Newark Police Department have a permanent and well-settled practice of failing to protect the Citizens of Newark from the unconstitutional actions of police officers (including defendant Knight) by exonerating rogue police officers by dismissing substantiated complaints filed with the Internal Affairs Unit of the NPD, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard of the welfare of the public at large, including Plaintiff;

   b. The City of Newark and the NPD have a permanent and well-settled practice of refusing to adequately respond to and investigate complaints regarding officer misconduct by the citizenry, including, but not limited to, complaints regarding investigatory stops, search and seizure, arrest procedures, and the use of excessive physical force, thus creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard of the welfare of the public at large, including plaintiff;

   c. The City of Newark and the NPD have adopted standard operating procedures of the Internal Affairs Unit of the NPD designed to favor the statements of a police officer over the statements of a citizen complaining of police abuse or misconduct, resulting in the exoneration of officers for unconstitutional behavior, creating an atmosphere where unconstitutional behavior of police officers is tolerated, condoned, and ratified by the NPD, thus creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard of the welfare of the public at large, including Plaintiff; and

    d.  The City of Newark and the NPD have a policy, practice, or custom of allowing its officers to use excessive force and/or unreasonable force without fear of discipline creating an atmosphere where such behavior is accepted, approved and ratified, in reckless disregard and deliberate indifference to the welfare of the public at large.

  33.  Defendant City of Newark is directly liable for plaintiff's damages due to the following policies or customs of inadequate training, supervision, discipline, screening, or hiring, which were in effect at the time of this incident and which were the underlying cause of the plaintiff's injuries:

    a.  The City of Newark and the NPD failed to adequately train and supervise police officers (including defendant Knight) regarding proper arrest procedures and techniques, and such failure to train had the obvious consequence of leading to constitutional violations in deliberate indifference and reckless disregard of the welfare of the public at large, including plaintiff;

    b.  The City of Newark and the NPD failed to adequately monitor and evaluate the performance of its officers (including defendant Knight) and their compliance with the laws and policies, practices and customs of the NPD with respect to internal affairs procedures, the use of physical force, and arrest procedures in deliberate indifference to and reckless disregard of the public at large, including the plaintiff;

    c.  The City of Newark and the NPD repeatedly and knowingly failed to properly discipline its officers (including defendant Knight) with respect to violations of the law of the State of New Jersey, the Constitution of the United States, and its own policies regarding probable cause determinations, the use of physical force, internal affairs procedures, and arrest

procedures creating a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned, and accepted by the NPD in deliberate indifference to and reckless disregard of the public at large, including the plaintiff;

        d.      The City of Newark and the NPD allow officers to engage in conduct that violates the constitutional rights of persons in custody, including plaintiff, without fear of reprimand, discipline or termination, creating an atmosphere where such unconstitutional behavior is ratified, tolerated, and condoned, in reckless disregard of and deliberate indifference to the welfare of the public, including plaintiff; and

        e.      The City of Newark and the NPD knew that "a code of silence" existed between their officers whereby officers would not report misconduct of other officers to their superiors and failed to take steps necessary to break the "code of silence" which includes, but is not limited to, properly supervising officers, properly investigating critical incidents, holding officers accountable for misconduct and failing to report misconduct, creating an atmosphere where officers violate the constitutional rights of the public at large in deliberate indifference to and in reckless disregard of the constitutional rights of the pubic, including the plaintiff.

      34.      Further, defendant City of Newark is liable for the actions of defendant Knight under the doctrines of agency, vicarious liability, employer-employee relations, joint venture, contract and as a result of their non-delegable duty to provide officers who comply with the constitutions and laws of the United States of America and the State of New Jersey.

      35.      As a direct and proximate result of the foregoing policies, practices, and customs of the City of Newark and the NPD, the violation of the constitutional rights of the citizens of the City of Newark were substantially certain to occur.

36. As a direct and proximate result of the foregoing policies, practices, and customs of the City of Newark and the NPD, plaintiff's constitutional rights were violated and plaintiff was injured and damaged.

## COUNT III

## STATE LAW TORTS AGAINST DEFENDANT KNIGHT

Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

37. The acts, omissions and conduct of defendant Knight constitute assault, battery, false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress.

38. As a direct and proximate result of the aforementioned acts and omissions of defendant Knight, plaintiff has been injured and damaged.

## PUNITIVE DAMAGES

Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

39. The actions and/or omissions of defendant Knight, complained of herein were unlawful, conscience shocking, and unconstitutional, and performed maliciously, recklessly, fraudulently, intentionally, willfully, wantonly, in bad faith, and in such a manner to entitle the plaintiff to a substantial award of punitive damages against defendant Knight.

## DAMAGES

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

40. As a direct and proximate result of the aforementioned actions and omissions of defendants, the plaintiff was injured and damaged. The damages for which the plaintiff seeks compensation from the defendants, both jointly and severally, include, but are not limited to, the following:

  a. emotional pain and suffering of a past, present, and future nature;

  b. loss of enjoyment of life of a past, present, and future nature;

  c. fright, fear, aggravation, humiliation, anxiety, and emotional distress of a past, present, and future nature as a result of false charges being placed on plaintiff and the injuries sustained as a result of the illegal actions of defendant Knight

  d. attorney's fees pursuant to 42 U.S.C. § 1988;

  e. punitive damages against applicable defendants;

  f. attorney's fees and costs in dealing with the criminal charges placed against plaintiff;

  g. pre-and post-judgment interest;

  h. declaratory judgment and injunctive relief holding that the policies, practices or customs of the City of Newark, Newark Police Department and defendants Knight complained of herein are illegal and unconstitutional;

  j. preclusion of defendant Knight from serving in the capacity of law enforcement officer; and

  k. all such relief, both general and specific, to which plaintiff may be entitled

12

to under the premises.

## PRAYERS FOR RELIEF

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff sues the defendants both jointly and severally, for his personal injuries and prays for a judgment against the defendants for compensatory damages solely in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff sues defendant Knight for his injuries and prays for a judgment against defendant Knight for punitive damages in an amount solely to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

41. **A JURY IS RESPECTFULLY DEMANDED TO TRY THE ISSUES ONCE JOINED.**

        Respectfully submitted,

        **Bonjean Law Group, PLLC**
        119 West 23rd Street, Ste. 900
        New York, New York 10011
        Tel (212) 825-1080
        Fax (212) 529-0644

        By: s/ Courtney E. Black (CB1917)